NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LONDER B. DAVIS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2015-3087

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-10-0023-C-1.

---

Decided: July 13, 2015

---

LONDER B. DAVIS, Dallas, TX, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, SCHALL, and LINN, *Circuit Judges.*

PER CURIAM.

## DECISION

Londer B. Davis petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed as untimely his petition for enforcement of a settlement agreement between him and the United States Postal Service ("agency"). *Davis v. U.S. Postal Serv.*, No. DA-0752-10-0023-C-1 (M.S.P.B. Feb. 3, 2015) ("*Final Decision*"). We *affirm*.

## DISCUSSION

### I.

On October 13, 2009, Mr. Davis appealed to the Board from the action of the agency suspending him from his position for fifteen days. Subsequently, on December 18, 2009, Mr. Davis and the agency entered into a settlement agreement. Under the agreement, the agency agreed to pay Mr. Davis back pay for a certain period of time, while Mr. Davis agreed to withdraw his appeal. On December 21, 2009, the administrative judge ("AJ") to whom the appeal was assigned approved the settlement agreement and dismissed the appeal. At the same time, the AJ retained jurisdiction over the matter for enforcement purposes.

On August 12, 2014, Mr. Davis filed a petition for enforcement of the settlement agreement. In the petition he alleged that the agency had violated the terms of the agreement by failing to pay him back pay. On August 14, 2014, the AJ issued an acknowledgment order. In the order, the AJ informed Mr. Davis that a petition for enforcement alleging breach of a settlement agreement must be filed within a reasonable time after the petitioning party becomes aware of the breach. The AJ also informed Mr. Davis that he had the burden of establishing that his enforcement petition was timely. *See* 5 C.F.R. § 1201.56(b)(2)(i)(B) (formerly 5 C.F.R. § 1201.56(a)(2)(ii)).

The AJ ordered Mr. Davis to file evidence and argument showing that his petition was timely filed or that good cause existed for the delay in filing. Responding to the acknowledgment order, the agency filed a motion to dismiss the petition for enforcement as untimely filed. Mr. Davis did not respond to the acknowledgment order or the motion to dismiss.

On October 17, 2014, the AJ issued an initial decision dismissing the petition for enforcement as untimely filed. *Davis v. U.S. Postal Serv.*, No. DA-0752-10-0023-C-1 (M.S.P.B. Oct. 17, 2014) ("*Initial Decision*"). After noting that Mr. Davis had failed to respond to the acknowledgment order or the agency's motion to dismiss, the AJ found that Mr. Davis had filed his petition for enforcement more than four years after the parties entered into the settlement agreement, that the delay was significant, and that Mr. Davis had failed to provide any explanation for the delay. *Id.* at 3. Accordingly, the AJ determined that the enforcement petition was not timely filed and that Mr. Davis had failed to show good cause for the untimely filing. *Id.* The AJ therefore dismissed the petition.

On February 3, 2015, the Board denied Mr. Davis's petition for review of the *Initial Decision*. In its decision, the Board noted that, in his petition for review, Mr. Davis did not state when he became aware of the alleged breach of the settlement agreement and that he did not argue that he had filed his petition for enforcement within a reasonable time thereafter. *Final Decision* at 3. "Moreover," the Board stated, "the appellant does not dispute that he filed his petition for enforcement more than 4 years after the parties' 2009 settlement agreement." *Id.* Mr. Davis has timely appealed the *Final Decision*. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited.  We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

## III.

As the AJ stated in the acknowledgment order, Mr. Davis had the burden of proof concerning the timeliness of the filing of his petition for enforcement.  He plainly failed to carry that burden.  As both the AJ and the Board found, Mr. Davis failed to come forward with any explanation for the untimely filing of the petition.  Moreover, on appeal, Mr. Davis does not point to any asserted error in the Board's decision on the timeliness issue.  Rather, he makes arguments relating to the agency's action suspending him and its alleged breach of the settlement agreement.  Thus, Mr. Davis has failed to demonstrate that the decision of the Board dismissing his petition for enforcement is unsupported by substantial evidence, is arbitrary or capricious, or is tainted by legal error.

## IV.

For the foregoing reasons, the *Final Decision* of the Board is affirmed.

**AFFIRMED**

No Costs.